HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THERESA ONYA,

         Petitioner,

  v.

MERRICK GARLAND, United States Attorney General; Alejandro Mayorkas, Secretary of U.S. Department of Homeland Security; Tracy Renaud, Senior Official Performing the Duties of the Director of U.S. Citizenship and Immigration Services; Nathalie Asher, Seattle ICE Field Office Director, Michael Paul, Field Office Director of the USCIS Vermont Service Center,

         Respondents.

No. 2:21-cv-00486-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Petitioner's Emergency Motion for Temporary Restraining Order and Stay of Removal. Dkt. # 2. Petitioner Theresa Onya ("Ms. Onya") moves the Court to issue an *ex parte* emergency order staying her deportation and preventing transfer to another detention center pending a determination

ORDER – 1

on both her request for a stay of removal and a determination of whether she has a bona fide application for a T-Nonimmigrant Visa. *Id.* at 3.

## II.  FACTS

Ms. Onya, a native of Congo and citizen of Uganda, was ordered removed from the United States on October 30, 2009. Dkt. # 1 ¶ 12. While living in Washington state, she alleges that she was a victim of human trafficking. *Id.* ¶ 19. She claims she was coerced into domestic servitude, sexual relations, and unpaid labor over the course of seven years. *Id.* As a consequence of the forced sexual relations, Ms. Onya became pregnant and gave birth to a son in 2013. *Id.* The father of her child allegedly used that relationship to continue to prey on Ms. Onya. *Id.* After several years, Ms. Onya was apprehended by ICE officials and placed in detention. *Id.*

Ms. Onya claims that her trafficker has significant contacts in the Democratic Republic of Congo and Uganda, and she is fearful that she may be targeted by his associates upon her removal. *Id.* ¶ 7. On three separate occasions between February and March of 2021, Ms. Onya attempted to file stay of removal with ICE in Tacoma, Washington. *Id.* ¶ 21. ICE refused to accept her application each time. *Id.* On March 29, 2021, Ms. Onya filed an I-914, Application for T-Nonimmigrant Visa and an I-912, Application for Advanced Permission to Enter as a Nonimmigrant. *Id.* ¶ 22. The application was received by the USCIS Vermont Service Center on April 2, 2021. *Id.* Ms. Onya's counsel notified ICE of her pending T-Visa application, but ICE informed her counsel that the pending application would not prevent or postpone Ms. Onya's scheduled deportation. *Id.* ¶ 23.

Ms. Onya's deportation officer confirmed that she is scheduled to be deported from the United States on April 10, 2021. Dkt. # 2 ¶ 10. She is currently detained in the Northwest ICE Processing Center and has been placed in medical isolation to prepare for her departure. *Id.*

ORDER – 2

## II.  DISCUSSION

Pursuant to Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order without notice to the adverse party only if specific facts in a complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and the movant's attorney certifies in writing any efforts made to provide notice and the reasons why it should not be required.  Fed. R. Civ. P. 65(b)((1).

Ms. Onya was notified by her removal officer that she is scheduled to be removed from the United States tomorrow, April 10, 2021.  Dkt. # 2 ¶ 10.  Based on the threat of imminent removal, the Court finds an Order may be issued without notice.  The Court finds that Ms. Onya has made sufficient allegations that she will be subjected to injury if she is deported to Uganda or the Democratic Republic of Congo where her alleged trafficker's associates reside.  Dkt. # 2 ¶ 7.  She would suffer irreparable harm if she is deported because she will no longer be eligible for a T-Nonimmigrant visa pursuant to 8 C.F.R. § 214.11(d)(9).  The Court agrees that the balance of harm weighs heavily in favor of Plaintiff.  The Court also finds that Plaintiff's attorney provided notice to Defendants via certified mail pursuant to Federal Rule of Civil Procedure 4(i) as required for an ex parte temporary restraining order, Fed. R. Civ. P. 65(b)(1)(B).  Dkt. # 2 ¶ 11.

## III.  CONCLUSION

For these reasons, the Court here **ORDERS**:

1. Petitioner's motion for emergency temporary restraining order, Dkt. # 2, is **GRANTED** as of April 9, 2021 at **9:20p.m.** and effective for 14 days in accordance with Local Rule 65(b)(2);
2. Petitioner's removal is temporarily **STAYED** pending briefing and a resolution of Plaintiff's request for stay.  The Court expresses no views at this time as to the merits of Plaintiff's Petition for Writ of Mandamus or request for stay of removal.

ORDER – 3

3.  The Court will contact the Parties to schedule a hearing on the matter.

DATED this 9th day of April, 2021.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4